**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:12-CV-00205-LY |
| | ) | |
| CLEAR CHANNEL BROADCASTING, INC.; CUMULUS MEDIA, INC.; AND UNIVISION INTERACTIVE MEDIA, INC. | ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF BRIAN MCQUILLEN
IN SUPPORT OF PLAINTIFF AFFINITY LABS OF TEXAS LLC'S
<u>OPENING CLAIM CONSTRUCTION BRIEF</u>**

I, Brian McQuillen, declare as follows:

1. I am an attorney at Duane Morris LLP, counsel of record for Plaintiff Affinity Labs of Texas, LLC ("Affinity") in the present lawsuit.

2. I make this declaration in support of Plaintiff Affinity Labs of Texas LLC's Opening Claim Construction Brief. I make the assertions herein on my personal knowledge and, if called upon to do so, I could and would testify competently thereto.

3. Attached as Exhibit 1 is a true and correct copy of U.S. Patent No. 7,970,379.

4. Attached as Exhibit 2 is a true and correct copy a document titled Celecast Business Plan and bearing numbers AFLB-CC-0001369 to 1389.

5. Attached as Exhibit 3 is a true and correct copy of a document titled WiCast Business Plan and bearing numbers AFLB-CC-0013373 to 13392.

6. Attached as Exhibit 4 is a true and correct copy of a Clear Channel press release dated March 16, 2009 and bearing numbers AFLB-CC-0013393 to 13394

7. Attached as Exhibit 5 is a true and correct copy of a Clear Channel press release dated November 20, 2012 and bearing numbers AFLB-CC-0013395 to 13396

8. Attached as Exhibit 6 is a true and correct copy of a two letters from Affinity Labs to Clear Channel, both dated August 10, 2011 and bearing numbers AFLB-CC-0013398-13399.

9. Attached as Exhibit 7 is a true and correct copy of a document titled Reply to Office Action Mailed August 27, 2010, dated January 27, 2011 that is part of the prosecution file history for U.S. Patent No. 7,970,379.

10. Attached as Exhibit 8 is a true and correct copy of certain pages from the Merriam-Webster's Collegiate Dictionary, 10th Ed, 1994, Merriam-Webster, Inc., including pages 260 and 993.

11. Attached as Exhibit 9 is a true and correct copy of certain pages from the American Heritage College Dictionary, 3rd Ed., 1997, Houghton Mifflin Co., including pages 312 and 1158.

12. Attached as Exhibit 10 is a true and correct copy of a document titled Reply to Office Action Mailed December 16, 2011, dated February 16, 2012 that is part of the reexamination file history for U.S. Patent No. 7,778,595.

13. Attached as Exhibit 11 is a true and correct copy of a 25 page document titled Final Office Action Transmittal, dated February 18, 2003 that includes a 16 page Amendment and Papers A, B and C and is part of the prosecution file history for U.S. Patent No. 7,187,947.

14. Attached as Exhibit 12 is a true and correct copy of a document titled Order Construing Claim Terms of U.S. Patent No. 7,324,833, dated Dec. 18, 2009 from *Affinity Labs of Texas, LLC v. BMW N. Am., LLC*, et al., Civ. No. 9:08-cv-14 (E.D. Texas.).

15. Attached as Exhibit 13 is a true and correct copy of certain pages from The Internet Encyclopedia, Hossein Bidgoll, ed., vol. 3, John Wiley & Sons, Inc. 2004 including page 679, produced by Defendants in this case, and bearing production numbers 001CC-0003335.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  January 18, 2013                    By:        s/ Brian McQuillen
                                                       Brian McQuillen